# United States District Court
# District of Puerto Rico (San Juan)
# CRIMINAL DOCKET FOR CASE #: <u>3:21–mj–01512–BJM</u>–1

Case title: USA v. Alvarado–Reyes                     Date Filed: 12/10/2021

---

Assigned to: US Magistrate Judge
Bruce J. McGiverin

**<u>Defendant (1)</u>**

**Luis Alvarado–Reyes**             represented by    **Diego H. Alcala–Laboy**
                                                     Defensoria Legal LLC
                                                     PO Box 12247
                                                     San Juan, PR 00914
                                                     787–432–4910
                                                     Email: <u>dalcala@defensorialegal.com</u>
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: CJA Appointment*

**<u>Pending Counts</u>**                              **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Opening)</u>**

None

**<u>Terminated Counts</u>**                           **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Terminated)</u>**

None

**<u>Complaints</u>**                                  **<u>Disposition</u>**

21:846 Conspiracy to Distribute
Narcotics – Cocaine

---

**<u>Interested Party</u>**

**US Probation Office**

---

1

**Plaintiff**

**USA** represented by **Jose A. Contreras**
United States Attorneys Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787−766−5656
Fax: 787−772−4012
Email: jose.a.contreras@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/10/2021 | 1 | | Rule 5 Documents Received as to Luis Alvarado−Reyes (1). (Attachments: # 1 Arrest Warrant) (bgl) (Entered: 12/14/2021) |
| 12/10/2021 | | | Arrest of Luis Alvarado−Reyes (1). (gyr) (Entered: 12/15/2021) |
| 12/10/2021 | 2 | | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Initial Appearance in Rule 5(c)(3) Proceedings as to Luis Alvarado−Reyes (1) held on 12/10/2021 via VTC. Present were AUSA Jose Contreras, Atty. Diego Alcala and USPO Jorge Mateo. Defendant was present and assisted by a certified court interpreter. The defendant waived his right to appear physically at the hearing and consented to proceed by way of VTC. Defendant was advised as to the charges contained in the indictment from the Southern District of New York. The defendant was also advised of the applicable minimum and maximum statutory penalties that he is exposed to if convicted of the charges in the indictment. Upon the defendant's request, the Court deemed it appropriate to appoint counsel. CJA counsel has already been appointed to represent the defendant in Cr. 21−359 (PAD). Attorney Diego Alcala will be appointed to represent the defendant for these removal proceedings. Counsel informed that the defendant waives the identity and removal hearings and requests for the detention hearing to be held in this district. **Defense counsel is granted ten (10) days to file the signed waiver form. Preliminary Examination is set for 12/23/2021 at 02:00 PM via VTC Bridge BJM before US Magistrate Judge Bruce J. McGiverin. By not later than December 21, 2021 defense counsel shall file a motion informing whether the defendant will waive his right to a preliminary hearing.** As to detention, AUSA Contreras informed that, although the USAO for the Southern District of New York is requesting detention as to this defendant, the Puerto Rico USAO does not object to the defendant being released under the same conditions that were granted in Cr. 21−359 (PAD). Further arguments were made regarding precedence. Defense counsel offered arguments in favor of release. Having heard the parties, and taking into consideration the recommendation of the Pretrial Services Office, the Court allowed the defendant to remain under the same conditions of release imposed in Cr. 21−359 (PAD), which include home detention with electronic monitoring, pending the Preliminary Examination. **A Further Bail Hearing will be held on 12/23/2021 at 2:00 PM, regardless of** |

| | | |
|---|---|---|
| | | **the preliminary examination being waived or deemed moot by an indictment. The U.S. Probation Office is ordered to prepare a Pretrial Services Report for the hearing.** (Court Reporter BJM Zoom.) Hearing held at 04:32. Hearing ended at 04:44. Interpreter Olga Uribe. (gyr) (Entered: 12/15/2021) |
| 12/10/2021 | | CJA 20 as to Luis Alvarado–Reyes (1): Appointment of Attorney Diego H. Alcala–Laboy for Luis Alvarado–Reyes.  Signed by US Magistrate Judge Bruce J. McGiverin on 12/10/2021. (gyr) (Entered: 12/15/2021) |
| 12/10/2021 | 3 | ORDER Setting Conditions of Release as to Luis Alvarado–Reyes (1) Bail is set in the amount of $10,000 unsecured. The defendant is to reside with his brother. Signed by US Magistrate Judge Bruce J. McGiverin on 12/10/2021.(mg) (Entered: 12/15/2021) |
| 12/10/2021 | 4 | *RESTRICTED* Appearance Bond Entered as to Luis Alvarado–Reyes (1) Bail is set in the amount of $10,000 unsecured. The defendant is to reside with his brother. (mg) (Entered: 12/15/2021) |
| 12/20/2021 | 5 | MOTION for Extension of Time to File document by Luis Alvarado–Reyes (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Alcala–Laboy, Diego) (Entered: 12/20/2021) |
| 12/21/2021 | 6 | WAIVER of 5(c)(3) Hearing by Luis Alvarado–Reyes (1) (Alcala–Laboy, Diego) (Entered: 12/21/2021) |
| 12/21/2021 | 7 | MOTION to Vacate Bail Hearing by USA as to Luis Alvarado–Reyes (1). Responses due by 1/4/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Contreras, Jose) Modified on 12/22/2021 to edit docket title text (mg). (Entered: 12/21/2021) |
| 12/22/2021 | 8 | ORDER granting 5 Motion for Extension of Time to File as to Luis Alvarado–Reyes (1).Signed by US Magistrate Judge Bruce J. McGiverin on December 22, 2021. (McGiverin, Bruce) (Entered: 12/22/2021) |
| 12/22/2021 | 9 | ORDER granting 7 Motion to Vacate Bail Hearing as to Luis Alvarado–Reyes (1): I deem that the defendant is the person named in the criminal complaint and arrest warrant issued out of the Southern District of New York, and that there is probable cause he committed the offense charged. Matter set for consideration by the grand jury. Defendant to remain released under the same conditions imposed in Cr. 21–359 (PAD). Defendant shall appear as required for any proceedings set in the Southern District of New York. **Identity, Preliminary and Bail Hearings set for 12/23/2021 are vacated.** So ordered. Signed by US Magistrate Judge Bruce J. McGiverin on 12/22/2021. (bgl) (Entered: 12/22/2021) |

Approved: _____     **3:21-mj-01512-BJM-1**
            BENJAMIN D. KLEIN
            Assistant United States Attorney

Before:    THE HONORABLE PAUL E. DAVISION
            United States Magistrate Judge     21-mj-11872
            Southern District of New York

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | :    **SEALED COMPLAINT** |
|     - v. - | :    Violation of |
| |       21 U.S.C. § 846 |
| LUIS ALVARADO REYES, | : |
| |    COUNTY OF OFFENSE: |
|        Defendant. | :    WESTCHESTER |

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

     BRAD Z. RUGGIERI, being duly sworn, deposes and says that he is a Postal Inspector with the United States Postal Inspection Service ("USPIS"), and charges as follows:

### COUNT ONE
### (Conspiracy to Distribute Narcotics – Cocaine)

     1.    From at least in or about July 2021, up to and including September 2021, in the Southern District of New York and elsewhere, LUIS ALVARADO REYES, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

     2.    It was a part and object of the conspiracy that LUIS ALVARADO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

     3.    The controlled substance that LUIS ALVARADO REYES, the defendant, conspired to distribute and possess with intent to distribute was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

     (Title 21, United States Code, Section 846.)

2

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4.    I am a Postal Inspector with the USPIS, and I have been personally involved in the investigation of this matter.  This Affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents and others, as well as my examination of reports and records.  From this investigation, I have learned the following, among other things. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### June 2021 Cocaine Seizure

5.    Based on my involvement in this investigation, conversations with other members of law enforcement, and review of law enforcement reports and other records, I have learned the following, in substance and in part:

a.    In or about early June 2021, USPIS identified a suspicious parcel ("Suspect Parcel-1") sent by "Luis Crespo," from a specific address in Puerto Rico to a specific address in Yonkers.

b.    After obtaining a search warrant, law enforcement opened Suspect Parcel-1 and found a plastic Tupperware style cylindrical container with a red top, which contained two kilo-sized bricks of a powdery substance wrapped in plastic wrap and newspaper and surrounded by packing peanuts and food product.

c.    The powdery substance recovered from Suspect Parel-1 field tested positive for the presence of cocaine.

### July 23 Surveilled Delivery

6.    In or about July 2021, USPIS identified another suspicious parcel ("Suspect Parcel-2") sent by "Luis Crespo," from a specific address in Puerto Rico to a specific address in Yonkers.  Based on my participation in this investigation, conversations with other members of law enforcement, and review of records from law enforcement and commercial databases, I have

3

learned the following, in substance and in part:

a.    On or about July 23, 2021, members of the USPIS
Contraband Interdiction and Investigation team conducted a
surveilled delivery of Suspect Parcel-2 to a female ("CC-1") at a
specific residence (the "Residence") in Yonkers.

b.    Approximately five minutes after Suspect Parcel-2
was delivered to CC-1, CC-1 emerged from the Residence carrying a
bag containing a large rectangular object, consistent in size and
shape with Suspect Parcel-2.  CC-1 subsequently carried the bag
into a nearby business (the "Business") and emerged empty-handed.

c.    At around the time that CC-1 delivered Suspect
Parcel-2 to the Business, law enforcement observed a white 2020
Nissan Murano SUV (the "Nissan Murano") park in the vicinity of
the Business.  The Nissan Murano, which bears a specific license
plate, is registered to a target of this investigation ("CC-2").

d.    After the Nissan Murano parked in the vicinity of
the Business, law enforcement observed a man identified as LUIS
ALVARADO REYES, the defendant, exit the Murano and enter the
business.  I was able to identify ALVARADO from my review of his
driver's license photo.  In addition, I shared photos of ALVARADO
taken during surveillance with other members of law enforcement
who confirmed his identity based on their knowledge of him.

e.    Surveillance footage shows that, later in the day,
ALVARADO exited the Business carrying weighted down bags, which
appeared to contain boxes substantially similar in size and shape
to Suspect Parcel-2.  ALVARADO took the bags to the Nissan Murano
and drove away.

### July 2021 Cocaine Seizure

7.    Based on my involvement in this investigation,
conversations with other members of law enforcement, and review of
law enforcement reports and records, I understand the following,
in substance and in part:

a.    In or about late July 2021, USPIS identified a
suspicious parcel ("Suspect Parcel-3") sent by "Jose Rodriguez,"
from a specific address in Puerto Rico to a specific address in
Yonkers.

b.    After obtaining a search warrant, law enforcement

4

opened Suspect Parcel-3 and, like Suspect Parcel-1, found a plastic Tupperware style cylindrical container with a red top, which contained two kilo-sized bricks of a powdery substance wrapped in plastic wrap and newspaper and surrounded by packing peanuts.

        c.   The powdery substance recovered from Suspect Parecl-3 field tested positive for the presence of cocaine.

## September 9 Currency Seizure

        8.   Based on my conversations with other law enforcement officers involved in this investigation and my review of reports and other records, I have learned the following, in substance and in part:

        a.   On or about September 9, 2021, LUIS ALVARADO REYES, the defendant, and another individual ("CC-3") flew from New York to Miami, Florida.

        b.   After arriving in Miami, ALVARADO and CC-3 were stopped at the airport by members of law enforcement.

        c.   A search of three suitcases being transported by ALVARADO and CC-3 revealed approximately $2.2 million in U.S. currency.

        d.   Following the search, ALVARADO and CC-3 abandoned ownership of the suitcases.

        9.   Based on my training and experience, I understand the sale of illegal narcotics to be a heavily cash-based business. As a result, individuals who are engaged in narcotics trafficking often transport large quantities of U.S. currency.

## September 10 Cocaine Seizure

        10.   Based on my conversations with other law enforcement officers involved in this investigation and my review of reports and other records, I have learned the following, in substance and in part:

        a.   On or about September 10, 2021, members of law enforcement were conducting surveillance of a residence in Moca, Puerto Rico that was suspected to be used to store narcotics (the "Stash House").

5

b.   Law enforcement observed Jose Rodriguez Cumba ("Cumba"), another target of this investigation, exit the Stash House, load several suitcases into an SUV, and drive away.  Cumba subsequently transferred to another vehicle and departed at a high rate of speed.  Law enforcement subsequently conducted a traffic stop of that vehicle and detained Cumba.  Cumba consented to a search of the car, which uncovered approximately $25,000 in cash.

c.   During their surveillance of the Stash House, law enforcement also observed CC-2 at the Stash House location loading an SUV (the "SUV") with duffle bags.  CC-2 subsequently abandoned the vehicle in the vicinity of the Stash House.

11.  After obtaining a search warrant, law enforcement searched the Stash House and the SUV.  Based on my conversations with other members of law enforcement and my review of law enforcement records, I understand the following:

a.   During the search of the Stash House, law enforcement recovered approximately 36.5 kilograms of a substance that appears based on its appearance and packaging to be cocaine, $35,640 in U.S. Currency, and six cellular telephones.

b.   During the search of the SUV, law enforcement recovered approximately 62 kilograms of a substance that appears to be cocaine, approximately 41 pounds of a substance that appears to be marijuana, and $975 in U.S. currency.

c.   During the search of the Stash House, law enforcement also recovered packing materials for the cocaine that appears to be substantially identical to the packing materials used in shipping Suspect Parcel-1 and Suspect Parcel-3.

d.   The following photo shows, among other things, cylindrical Tupperware containers with red tops and white packing peanuts recovered from the Stash House:

6



e. The following photo of the contents of Suspect Parcel-1 shows that the cocaine intercepted in Suspect Parcel-1 was packed in substantially similar cylindrical Tupperware containers with white packing peanuts:

7



    f.  The following photo of the contents of Suspect Parcel-3 similarly shows that the cocaine intercepted in Suspect Parcel-3 was packed in substantially similar cylindrical Tupperware containers with white packing peanuts:



## Messages From Cumba's Phone

    12.  Based on my conversations with other members of law enforcement and my review of law enforcement records, I understand

8

the following:

a.    After Cumba was detained by law enforcement on or about September 10, 2021, law enforcement obtained a warrant to search the contents of his phone.

b.    The phone recovered from Cumba had a call number subscribed to LUIS ALVARADO REYES, the defendant, which was saved in the phone under the name "Luis Tollota."

c.    My review of these records shows ALVARADO's phone messaging Cumba's phone several addressees in Yonkers and elsewhere, including the delivery address for Suspect Parcel-1, which was found to contain cocaine.

d.    On or about the morning of September 9, 2021, Cumba's phone messaged ALVARADO's phone asking, in substance and in part, whether he was on his way to the airport and how many bags he was able to pack.  ALVARADO's phone replies, in substance and in part, that he was on his way to the airport and was able to pack three bags with seventeen pairs of jeans.  ALVARADO's phone further messaged Cumba's phone, in substance and in part, that he would arrive in Miami at 12:30.[1]

e.    As noted above, that day, ALVARADO and CC-3 were stopped at the Miami airport and found in possession of three suitcases containing $2.2 million in U.S. currency.  The cash in the suitcases was packed in pants, consistent with the messages between Cumba's phone and ALVARADO's phone.

### ALVARADO's Arrest in Puerto Rico

13.    Based on my participation in this investigation, conversations with other members of law enforcement, and review of law enforcement reports, I understand the following, in substance and in part:

a.    On or about December 9, 2021, LUIS ALVARADO REYES, the defendant, flew from Florida to Puerto Rico.  Upon entering Puerto Rico, ALVARADO was arrested on money laundering charges.

---

[1] I have reviewed versions of these messages that have been translated from Spanish to English.

9

    WHEREFORE, deponent respectfully requests that LUIS
ALVARADO REYES, the defendant, be imprisoned or bailed, as the
case may be.


BRAD Z. RUGGIERI
Postal Inspector
United States Postal Inspection Service


Sworn to before me this
10th day of December, 2021


THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

Mod AO 442 (09/13) Arrest Warrant    AUSA Name & Telno:  Benjamin Klein, Tel: 914-993-1908

# UNITED STATES DISTRICT COURT
for the

## Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Luis Alvarado Reyes | )<br>)<br>)<br>)<br>)<br>) |

Case No.  $21-mj-11872$

_____
_Defendant_

## ARREST WARRANT

To:      Any authorized law enforcement officer

        **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_     Luis Alvarado Reyes ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☑ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

   Violations of 21 U.S.C. § 846

Date:  12/10/21

_____
_Issuing officer's signature_

City and state:    White Plains, NY

_____
Hon. Paul E. Davison
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____<br>at _(city and state)_ _____ . |
| Date: _____          _____<br>_Arresting officer's signature_ |
| _____<br>_Printed name and title_ |

AO 199A (Rev. 12/11) Order Setting Conditions of Release                        Page 1 of ___4___ Pages

# UNITED STATES DISTRICT COURT
### for the
District of Puerto Rico

United States of America
v.

Luis Roberto Alvarado-Reyes (1)

Case No. 21-1512(BJM)

*Defendant*

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:  U.S. DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO,
*Place*

SAN JUAN, PUERTO RICO

on ALL FUTURE SCHEDULED PROCEEDINGS
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

1. Bail is set in the amount of $10,000 unsecured.
2. The defendant is to reside with his brother.

*JPA*

14

AO 199B (Rev. 10/20) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   ) (6)   The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____ _____

                                                                     Custodian                                 Date

( ✕ ) (7)   The defendant must:      **U.S. Probation Office, Pretrial Division, Room 200**

   ( ✕ ) (a)   submit to supervision by and report for supervision to the   **Hato Rey, P.R.**    ,

             telephone number    **787-766-5596**   , no later than   **48 hours and thereafter as directed**   .

   (   ) (b)   continue or actively seek employment.

   (   ) (c)   continue or start an education program.

   ( ✕ ) (d)   surrender any passport to:    **U.S. PROBATION OFFICE**

   ( ✕ ) (e)   not obtain a passport or other international travel document.

   ( ✕ ) (f)   abide by the following restrictions on personal association, residence, or travel:    **Shall reside at address of record; shall not leave**

        **jurisdiction of this district without first obtaining written permission from the Court. Shall not enter any airport or pier, unless authorized by PT Officer.**

   ( ✕ ) (g)   avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   **unless accompanied by counsel.**

   (   ) (h)   get medical or psychiatric treatment:     **as directed by Probation Department**

   (   ) (i)   return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

   (   ) (j)   maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

   ( ✕ ) (k)   not possess a firearm, destructive device, or other weapon.

   ( ✕ ) (l)   not use alcohol (    ) at all (  ✕  ) excessively.

   ( ✕ ) (m)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

   ( ✕ ) (n)   submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

   ( ✕ ) (o)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

   ( ✕ ) (p)   participate in one of the following location restriction programs and comply with its requirements as directed.

          ( ☐ ) (i)   **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or

          ( ☒ ) (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

          ( ☐ ) (iii)   **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or

          ( ☐ ) (iv)   **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.

           **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

   ( ✕ ) (q)   submit to the following location monitoring technology and comply with its requirements as directed:

## ADDITIONAL CONDITIONS OF RELEASE

( ☒ ) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or
( ☐ ) (ii)  Voice Recognition; or
( ☐ ) (iii) Radio Frequency; or
( ☐ ) (iv)  GPS.

(   ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ✕ ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ✕ ) (t) **EXCEPTION: The Chief U.S. Probation Officer, or his designee, may authorize temporary changes of address and overseas travel to mainland U.S. only, not exceeding 15 days, provided the U.S. Attorney has no objection to it. If objected, request will have to be made in writing to the Court.**

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate against or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

     (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

     (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

     (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

     (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Guaynabo  PR
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____12/10/2021_____

Digitally signed by Hon. Bruce J. McGiverin

_____
*Judicial Officer's Signature*

Bruce J. McGiverin, U.S. Magistrate Judge

_____
*Printed name and title*

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>                        v.<br><br>LUIS ALVARADO REYES<br>    Defendant. | Criminal no. 21-mj-1512 (BJM) |
| --- | --- |

MOTION FOR AN EXTENSION OF TIME TO FILE WAIVER DOCUMENTS
TO THE HONORABLE COURT:

Comes now the defendant, Mr. Alvarado Reyes, and respectfully states and prays as follows:

1)  On December 10, 2021, Mr. Alvarado Reyes informed the Court of his intent to waive the Rule 5 (c)(3) hearing. (*See* Docket Entry #2)

2)  The Court then requested that Mr. Alvarado Reyes files the signed waiver documentation within ten days.

3)  Mr. Alvarado Reyes informs that due to logistical issues, it is necessary to request a brief extension of time to file the corresponding documentation.

4)  Mr. Alvarado Reyes is currently scheduled to appear before this Court on December 23, 202, for a preliminary hearing.

**WHEREFORE**, Mr. Alvarado Reyes respectfully requests that this motion is granted and that the Court extends the deadline until December 23, 2021, to file the Rule 5 Waiver documentation.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 20th day of December 2021.

**I HEREBY CERTIFY**, that on this date the present document has been filed electronically and is available for viewing and downloading from the Court's CFM/ECF system by U.S. Attorney's Office.

*s/Diego H. Alcalá Laboy*
Diego H. Alcalá Laboy
PO Box 12247
Tel.: (787) 432-4910
USDC-PR No. 300504
dalcala@defensorialegal.com

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
District of Puerto Rico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 21-M6-01512 |
| Luis Alvarado Reyes | ) | |
| _Defendant_ | ) | Charging District's Case No. |

## WAIVER OF RULE 5 & 5.1 HEARINGS
## (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* United States District Court for the Southern District of New York

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☑     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 12/21/2021

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Diego Alcala Laboy
*Printed name of defendant's attorney*

20

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**LUIS ALVARADO-REYES,**
Defendant.

**CRIMINAL NO. 21-1512 (M)**

## UNITED STATES' MOTION TO VACATE

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorney,

respectfully states and prays as follows:

1.      On December 10, 2021, an Initial Appearance in Rule 5(c)(3) Proceedings was held

based on a criminal complaint filed against defendant in the Southern District of New York.

(ECF No. 2).   The Government informed that the United States Attorney's Office for the

Southern District of New York (USAO-SDNY) was requesting detention, but the United States

Attorney's Office for the District of Puerto Rico (USAO-PR) did not object to the defendant being

released under the same conditions that were granted in Criminal No. 21-359 (PAD).   (ECF No.

2).   The Court allowed the defendant to remain under the same conditions of release imposed in

Criminal No. 21-359 (PAD).   (ECF No. 2).   The Court set the Preliminary Hearing and Further

Bail Hearing for December 23, 2021.   (ECF No. 2).

2.      On December 21, 2021, defendant filed a written waiver of his right to a

preliminary hearing.   (ECF No. 6).

3.      The Government has been informed by the USAO-SDNY that it no longer seeks

1

detention in this case and agrees that defendant remain under the same conditions of release imposed in Criminal No. 21-359 (PAD).    Therefore, a further bail hearing is no longer necessary.

WHEREFORE, the United States respectfully requests that this Honorable Court vacate the Preliminary Hearing and Further Bail Hearing scheduled in this case.

RESPECTFULLY SUBMITTED.   In San Juan, Puerto Rico, this 21st day of December, 2021.

W. STEPHEN MULDROW
United States Attorney

s/José A. Contreras
José A. Contreras
Assistant United States Attorney
USDC No. G00612
350 Carlos Chardón Avenue, Suite 1201
San Juan, Puerto Rico 00918

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this case.

s/José A. Contreras
José A. Contreras
Assistant United States Attorney

2